UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:18-cv-23335-UU

MARY K. SMITH,

    Plaintiff,

v.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

    Defendant.
_____/

**DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S
ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, Hartford Life and Accident Insurance Company ("Hartford"), files its Answer and Affirmative Defenses to plaintiff's complaint, and states as follows:

**JURISDICTION, VENUE AND PARTIES**

1.    Admits that this action arises under ERISA,[1] that plaintiff brings this action under 29 U.S.C. § 1132(a)(1)(b), and that this Court has jurisdiction, but except as so admitted denies the allegations in paragraph 1.

2.    Admits that plaintiff was at all relevant times a legal resident of the United States of America, but except as so admitted denies the allegations in paragraph 2.

3.    Admits the allegations in paragraph 3.

4.    Admits the allegations in paragraph 4.

---

[1] Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001-1461 ("ERISA").

1

## FACTUAL ALLEGATIONS

5. Denies the allegations in paragraph 5.

6. Admits that plaintiff is a former employee of Arkansas Heart Hospital, LLC ("AHH"), but except as so admitted denies the allegations in paragraph 6.

7. Admits that (a) through her employment with AHH, plaintiff was a participant under an employee welfare benefit plan (the "Plan") established by AHH, which Plan included long-term disability coverage insured by Hartford, but except as so admitted denies the allegations in paragraph 7.

8. Admits the allegations in paragraph 8.

9. Admits the allegations in paragraph 9.

10. Admits that (a) Hartford served as the Plan's long-term disability claims administrator, and (b) Hartford is the payor of long-term disability benefits under the Plan, but except as so admitted denies the allegations in paragraph 10.

11. Admits that Hartford served as the claims administrator for claims for long-term disability benefits under the Plan, including plaintiff's claim, but except as so admitted denies the allegations in paragraph 11.

12. Admits that the Plan speaks for itself, but except as so admitted denies the allegations in paragraph 12.

13. Admits that the Plan speaks for itself, but except as so admitted denies the allegations in paragraph 13.

14. Admits that plaintiff has exhausted her administrative remedies, but except as so admitted denies the allegations in paragraph 14 and states that plaintiff has failed to satisfy all

conditions precedent for the payment of benefits under the Plan in that, *inter alia*, plaintiff did not meet the Plan definition of disability when Hartford denied her claim.

15. Admits that Hartford approved plaintiff's claim for long-term disability benefits under the Plan through August 16, 2017, but except as so admitted denies the allegations in paragraph 15.

16. Admits that Hartford approved plaintiff's claim for long-term disability benefits under the Plan through August 16, 2017, but except as so admitted denies the allegations in paragraph 16.

17. Admits that Hartford approved plaintiff's claim for long-term disability benefits under the Plan through August 16, 2017, but except as so admitted denies the allegations in paragraph 17.

18. Admits that Hartford approved plaintiff's claim for long-term disability benefits under the Plan through August 16, 2017, but except as so admitted denies the allegations in paragraph 18.

19. Admits that Hartford approved plaintiff's claim for long-term disability benefits under the Plan through August 16, 2017, but except as so admitted denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19.

20. Admits that plaintiff was a participant under the Plan through the last day of her employment with AHH, but except as so admitted denies the allegations in paragraph 20.

21. Admits the allegations in paragraph 21.

22. Admits the allegations in paragraph 22.

23. Admits that Hartford's September 6, 2017 letter speaks for itself, but except as so admitted denies the allegations in paragraph 23.

24. Admits that plaintiff timely appealed the termination of her benefits, but except as so admitted denies the allegations in paragraph 24.

25. Admits that Hartford's August 3, 2018 letter speaks for itself, but except as so admitted denies the allegations in paragraph 25.

26. Admits that plaintiff has exhausted her administrative remedies, but except as so admitted denies the allegations in paragraph 26 and states that plaintiff has failed to satisfy all conditions precedent for the payment of benefits under the Plan in that, *inter alia*, plaintiff did not meet the Plan definition of disability when Hartford denied her claim.

27. Admits that Hartford denied plaintiff's request for long-term disability benefits under the Plan beyond September 6, 2017, but except as so admitted denies the allegations in paragraph 27.

28. Admits that Hartford denied plaintiff's request for long-term disability benefits under the Plan beyond September 6, 2017, but except as so admitted denies the allegations in paragraph 28.

29. Admits that Hartford was responsible for paying covered long-term disability benefits under the Plan, but except as so admitted denies the allegations in paragraph 29.

30. Admits that Hartford insured the long-term disability benefits under the Plan and that the Plan speaks for itself, but except as so admitted denies the allegations in paragraph 30.

31. Admits the allegations in paragraph 31.

32. Admits that Hartford approved plaintiff's claim for long-term disability benefits under the Plan through August 16, 2017, but except as so admitted denies the allegations in paragraph 32.

33. Denies the allegations in paragraph 33.

## CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POST JUDGMENT INTEREST AND ATTORNEY'S FEES AND COSTS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

34. Incorporates in paragraph 34 its responses to paragraphs 1 through 33 of the complaint.

35. Admits the allegations in paragraph 35.

36. Admits that plaintiff was a participant under the Plan and that 29 U.S.C. § 1132(a)(1)(b) speaks for itself, but except as so admitted denies the allegations in paragraph 36.

37. Admits that plaintiff is entitled to bring an action under 29 U.S.C. § 1132(a)(1)(b), but except as so admitted denies the allegations in paragraph 37.

38. Admits the allegations in paragraph 38.

39. Denies the allegations in paragraph 39, including subparts (a) through (d).

40. Denies knowledge or information sufficient to form a belief as to plaintiff's beliefs, and denies the remaining allegations in paragraph 40.

41. Admits that plaintiff has exhausted her administrative remedies, but except as so admitted denies the allegations in paragraph 41 and states that plaintiff has failed to satisfy all conditions precedent for the payment of benefits under the Plan in that, *inter alia*, plaintiff did not meet the Plan definition of disability when Hartford denied her claim.

42. Denies the allegations in paragraph 42.

43. Denies the allegations in paragraph 43.

44. Admits that plaintiff is entitled to bring an action under 29 U.S.C. § 1132(a)(1)(b), but except as so admitted denies the allegations in paragraph 44.

45. Denies each and every allegation not otherwise admitted, including those in the prayer.

## FIRST DEFENSE

Plaintiff's purported causes of action, if any, arise under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001-1461 ("ERISA"). To the extent plaintiff's complaint seeks remedies not provided for by ERISA, they are preempted by ERISA. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987).

## SECOND DEFENSE

Plaintiff's demand for attorneys' fees and costs should be denied under ERISA, 29 U.S.C. § 1132(g), because Hartford's defenses to this action are reasonable, correct and made in good faith.

## THIRD DEFENSE

Plaintiff's recovery, if any, is limited to the terms, conditions, exclusions and other provisions of the Plan and ERISA.

## FOURTH DEFENSE

Hartford has complied with and performed all of its promises, obligations, and duties to plaintiff, if any, under the Plan and ERISA.

## FIFTH DEFENSE

The complaint fails to state a claim upon which relief can be granted in that, *inter alia*, plaintiff did not meet the Plan definition of disability when Hartford denied her claim.

## SIXTH DEFENSE

Hartford's claims decision must be upheld because it was both reasonable and correct.

## SEVENTH DEFENSE

Even if plaintiff were entitled to the benefits sought under the Plan, which Hartford expressly denies, such entitlement at this time would not mean that plaintiff would be entitled to unlimited future benefits under the Plan given, *inter alia*, the possibility of plaintiff's recovery, as well as the effect of different requirements, exclusions and/or limitations of the Plan.

## EIGHTH DEFENSE

Even if plaintiff were entitled to the disability benefits sought under the Plan, which entitlement is denied, to the extent plaintiff has received or is eligible to receive benefits under the Social Security Act or any other income benefits as defined by the Plan, plaintiff's benefit amount is subject to reduction pursuant to the terms of the Plan.

## NINTH DEFENSE

To the extent that plaintiff seeks benefits through and beyond the date that her claim was denied, the Court's review is limited to the evidence contained in the administrative record of plaintiff's claim for benefits at the time the decision was rendered. No determination has been made with respect to plaintiff's entitlement to benefits under the Plan beyond the time period following Hartford's benefit decision; and, should plaintiff prevail in the action, the appropriate

relief would be an order overturning the decision and remanding the claim for consideration of benefits.

## TENTH DEFENSE

Plaintiff is not entitled to interest under ERISA pursuant to Flint v. ABB, Inc., 337 F. 3d 1326 (11th Cir. 2003), because the Plan does not explicitly provide for interest and such relief is not otherwise available under ERISA.

## RELIEF REQUESTED

Hartford asks that (i) the Court dismiss plaintiff's complaint with prejudice and judgment be entered in its favor; (ii) alternatively, to the extent the complaint asserts claims exclusive of those available under ERISA, they be dismissed; (iii) the Court award Hartford its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and (iv) the Court grant such other relief as is appropriate under the circumstances of this case.

Dated: September 13, 2018

By: /s/ *Jeannine Jacobson*
Jeannine C. Jacobson / FBN 58777
Robinson & Cole LLP
777 Brickell Avenue, Suite 680
Miami, FL 33131
Telephone: 786-725-4120
Facsimile:  786-725-4121
E-mail: jjacobson@rc.com
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2018, a true and correct copy of the foregoing has been served by electronic filing through the CM/ECF system, which will send notice to the parties to this litigation as follows:

*Attorneys for Plaintiff*
Alexander A. Palamara, Esq.
Gregory Michael Dell, Esq.
Attorneys Dell and Schaefer
2404 Hollywood Boulevard
Hollywood, FL 33020
Telephone:  954-620-8300
Email:  alex@diattorney.com
          gdell@diattorney.com

                              */s/ Jeannine C. Jacobson*
                              Jeannine C. Jacobson